

**08-CV-01031-PET**

—— FILED        —— ENTERED
—— LODGED       —— RECEIVED

JUL 07 2008    RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

# C08-1031 JLR

Mohammad MANSHA, Hussain AL GAZAWI, Mamadou Malick DIALLO, Yaya SANYANG, Roger Antonio MARTINEZ GOMEZ, Dilpreet Singh SETHI

Civil No. _____

Agency Case Nos.: #A75 469 482, #A71 732 661, #A75 240 321, #A72 370 362, #A29 333 043, #A70 692 736

**PETITIONERS/PLAINTIFFS,**

v.

MICHAEL CHERTOFF, Secretary, Department of Homeland Security, and JULIA HARRISON Seattle Field Office Director, U.S. Citizenship and Immigration Services (USCIS).

**PETITIONS FOR REVIEW OF FINAL NATURALIZATION DENIAL**

**RESPONDENTS/DEFENDANTS.**

COMES NOW Petitioner, Mohammad Mansha #A75 469 482, by and through his counsel, seeks *de novo* judicial review (court making its own findings of fact and conclusions of law), pursuant to 8 U.S.C. § 1421(c); 8 C.F.R. §310(b) & 336.9(a)-(d) of a final naturalization denial of April 29, 2008. (Exhibit A). Mr. Mansha had previously sought this Court' intervention on this same naturalization application pursuant to 8 U.S.C. § 1447(b) in *Mansha v. Keisler*, **C07-1765JLR** (Stipulation and Order of Remand and Dismissal Signed 12/6/2007).

COMES NOW Petitioner, Hussain AL GAZAWI, #A71 732 661, by and

PETITIONS FOR REVIEW OF FINAL
NATURALIZATION DENIALS
Page 1 of 5

LAW OFFICES OF BART KLEIN
605 1st Avenue South, Suite 500
Seattle, WA 98104
Phone: (206) 624-3787/624-6371(fax)
bart.klein@bartklein.com

*(left margin, handwritten)* SEA 1/8 8 20 Summons Issued

through his counsel, seeks *de novo* judicial review (court making its own findings of fact and conclusions of law), pursuant to 8 U.S.C. § 1421(c); 8 C.F.R. §310(b) & 336.9(a)-(d) of a final naturalization denial. Mr. Al Gazawi had previously sought this Court' intervention on this same naturalization application pursuant to 8 U.S.C. § 1447(b) in *Al GAZAWI v. Gonzales*, **C06-1696RSM** (Order of Remand ordering Defendants to make a final naturalization determination by November 17, 2007). Though the administrative N-336 appeal hearing was finally held on June 9, 2008, the USCIS Hearing Officer has yet to make this US District Court ordered final determination, and thus it can be presumed to be denied. (Exhibit B).

COMES NOW Petitioner, Mamadou Malick DIALLO #A75 240 321, by and through his counsel, seeks *de novo* judicial review (court making its own findings of fact and conclusions of law), pursuant to 8 U.S.C. § 1421(c); 8 C.F.R. §310(b) & 336.9(a)-(d) of a final naturalization denial. The administrative N-336 appeal hearing was held on June 9, 2008, and the USCIS Hearing Officer indicated an oral final denial after five seconds of interviewing. (Exhibit C)

COMES NOW Petitioner, Yaya SANYANG #A72 370 362, by and through his counsel, seeks *de novo* judicial review (court making its own findings of fact and conclusions of law), pursuant to 8 U.S.C. § 1421(c); 8 C.F.R. §310(b) & 336.9(a)-(d) of a final naturalization denial. The administrative N-336 appeal hearing was held on January 12, 2007, and the USCIS Hearing Officer has yet to issue a decision and thus presumed to be a final denial. (Exhibit D).

COMES NOW Petitioner, Roger Antonio MARTINEZ GOMEZ #A29 333 043, by and through his counsel, seeks *de novo* judicial review (court making its own findings of fact and conclusions of law), pursuant to 8 U.S.C. § 1421(c); 8 C.F.R. §310(b) & 336.9(a)-(d) of a final naturalization denial. The administrative N-400 determination

PETITIONS FOR REVIEW OF FINAL
NATURALIZATION DENIALS
Page 2 of 5

LAW OFFICES OF BART KLEIN
605 1st Avenue South, Suite 500
Seattle, WA 98104
Phone: (206) 624-3787/624-6371(fax)
bart.klein@bartklein.com

interview was held on June 23, 2008 but USCIS Interviewing Officer indicated an oral denial though by automatic operation of 8 CFR 245.13(l), the N-400 naturalization application should have been approved, and therefore such action should be presumed a final denial. (Exhibit E)

COMES NOW Petitioner, Dilpreet Singh SETHI #A70 692 736, by and through his counsel, seeks *de novo* judicial review (court making its own findings of fact and conclusions of law), pursuant to 8 U.S.C. § 1421(c); 8 C.F.R. §310(b) & 336.9(a)-(d) of a final naturalization denial. The administrative N-400 determination interview was held on June 19, 2008 but USCIS Interviewing Officer indicated an oral denial though by 8 CFR regulation the N-400 naturalization application should have been approved, and therefore such action should be presumed a final denial. (Exhibit F)

### Subject Matter Jurisdiction

1.   Jurisdiction in this Court is also based upon Section 5 USC Chapter 7 pursuant to 8 CFR 336.9.706(1), 8 USC 1147(b), and 28 USC 1331 and 1361.

2.   The judicial review enabling regulation 8 CFR 336.9(b) has an *ulta vires* requirement that the Petition for Review be filed within 120 days and these Petitions are being filed within such 120 days.

### Venue

3.   Venue lies in the Western District of Washington, the judicial district where petitioners reside.

### Parties

4.   Petitioners are and have been residents of Snohomish and King County, and are US Lawful Permanent Resident.

5.   Mr. Michael Chertoff, Secretary, Department of Homeland Security, is responsible for the implementation of the immigration laws and it his delegation of authority

PETITIONS FOR REVIEW OF FINAL
NATURALIZATION DENIALS
Page 3 of 5

LAW OFFICES OF BART KLEIN
605 1st Avenue South, Suite 500
Seattle, WA 98104
Phone: (206) 624-3787/624-6371(fax)
bart.klein@bartklein.com

to administer the immigration laws to the U.S. Citizenship and Immigration Services (USCIS) that permits USCIS officials to act under color of authority of the United States.

6.    Respondent, Julia Harrison, is the duly appointed Field Office Director of the Seattle, Washington office of the U.S. Citizenship and Immigration Services, and she is being sued in her official capacity. In this capacity Ms. Harrison has jurisdiction over naturalization benefits and petitioners' application

### Facts

7.    The USCIS fails to follow its own regulations, procedurally and on the merits, in denying these naturalization applications.

### Exhaustion

8..    The Petitioner has exhausted administrative remedies and procedure .

### Cause of Action

9.    8 U.S.C. § 1421(c); 8 C.F.R. §310(b) & 336.9(a)-(d) allows *de novo* judicial review (court making its own findings of fact and conclusions of law of a final naturalization denial.) of a final naturalization determination.  In adjudication and processing of such naturalization applications, the Court can also invoke jurisdiction under 8 USC 1447(b) and 28 USC 1331 and 1361.

10.    Petitioners have not previously applied for a petition for review.

### Prayer for Relief

WHEREFORE, petitioner requests that this Court:

(a)    Assume jurisdiction over this matter;

(b)    Determine Petitioners' applications for naturalization, or remand the matter, with appropriate instructions including a time schedule, to the respondents/defendants to determine the matter;

(c)    Award Petitioners reasonable costs and attorney's fees; and

PETITIONS FOR REVIEW OF FINAL
NATURALIZATION DENIALS
Page 4 of 5

LAW OFFICES OF BART KLEIN
605 1st Avenue South, Suite 500
Seattle, WA 98104
Phone: (206) 624-3787/624-6371(fax)
bart.klein@bartklein.com

    (d)      Grant such further relief as the Court deems just and proper.

Respectfully submitted this 7th day of July, 2008.

LAW OFFICES OF BART KLEIN
Bart Klein
Attorney for Petitioner, WSBA #10909

**VERIFICATION**

Bart Klein, the attorney for the Petitioners, under penalty of perjury, hereby verify

that the statements made in the above Petition are true and correct to the best of his

knowledge.

Dated this 7th day of July, 2008.

_____

BART KLEIN

LAW OFFICES OF BART KLEIN
605 1st Avenue South, Suite 500
Seattle, WA 98104
Phone: (206) 624-3787/624-6371(fax)
bart.klein@bartklein.com



**U.S. Department of Homeland Security**
12500 Tukwila International Blvd.
Seattle, WA 98168



**U.S. Citizenship**
**and Immigration**
**Services**

Date:   APR 2 9 2008

Mohammad Mansha
c/o Law Office of Bart Klein
605 First Ave Ste 500
Seattle, WA 98104

Refer to this file: LIN*000555646
Alien Number: A075 469 482

## NOTICE OF ACTION

Dear Mr. Mansha,

Reference is made to the Form N-336 (Request for Hearing on a Decision Naturalization Proceedings Under Section 336 of the Immigration and Nationality Act, as amended, herein the Act) that you filed on January 8, 2008. The record shows that you filed this form in response to the denial of your application for naturalization.

You filed an Application for Naturalization on May 12, 2003. You were placed under oath to state the truth regarding your application before an officer of the Citizenship and Immigration Services on December 16, 2003. It was revealed that on February 23, 1986, you were issued an Order to Show Cause and placed in removal proceedings pursuant to Section 241(a)(2) of the Act in that you entered the United States without inspection. Although the Immigration Judge administratively closed your case on August 12, 1986, because of your failure to appear, removal proceedings were never terminated against you. Your Application for Naturalization was denied on November 15, 2006 because you are in removal proceedings, and the Service does not have jurisdiction over your case.

Section 318 of the Act states in part that "no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act."

Title 8, Code of Federal Regulations part 318.1 states in part that "a notice to appear issued under 8 CFR part 239 shall be regarded as a warrant of arrest."

Title 8, United States Code, Section 1429 precludes an application for naturalization to be considered by the Service while removal proceedings are pending. See <u>Bellajaro v. Schiltgen</u>, F.3d, WL 1753322 (9th Cir. 2004).

The Service has considered your record and the fact that you are currently in removal proceedings. The Service does not have jurisdiction over your case, and the Immigration Judge must recalendar your removal proceedings. The Service concludes that you have failed to establish that you are eligible for naturalization. Therefore, it is the decision of the Service that your appeal be dismissed without prejudice.

**You must write a letter to the Immigration Court (Executive Office for Immigration Review, Office of the Immigration Judge, 26 Federal Plaza, 12th Floor, Room 1237, New York, NY 10278) to have your**

*Exhibit A page 1 of 2*

**removal proceedings recalendared.  You must also show the court that you have served a copy of the letter on the Immigration and Customs Enforcement Counsel's Office (Department of Homeland Security, P.O. Box 3507, New York, NY 10008-350).  Once your removal proceedings have been terminated, you may file a Motion to Reopen your Application for Naturalization, or file a new application.**

There is no appeal to this decision, however 8 CFR 336.9 provides procedures for requesting a judicial review of final determinations on applications for naturalization.  8 CFR 336.9(b) states in pertinent part:

> Under these procedures an applicant shall file a petition for review in the United States District Court having jurisdiction over his or her place of residence, in accordance with chapter 7 of title 5, United States Code, within a period of not more than 120 days after the Service's final determination.

Sincerely,

Julia L. Harrison
Field Office Director

cc: Mohammad Mansha
14818 12th Ave NE
Shoreline, WA 98155

Exhibit A page 2 of 2

**U.S. Department of Homeland Security**
12500 Tukwila International Blvd
Seattle, WA 98168





**U.S. Citizenship
and Immigration
Services**

Office of the Seattle Field Office Director                    *April 23, 2008*

Hussein Al Gazawi
C/O Bart Klein
605 First Ave, Suite 500
Seattle, WA 98104

Subject: Appeal of Decision to Deny Naturalization

Dear Mr. Al Gazawi;

You have appealed the decision of this Service to deny your application for Naturalization.

You are scheduled to appear as indicated below for a hearing to determine whether or not the decision to deny your application should be upheld:

## Location:  12500 TUKWILA INTERNATIONAL BLVD
## Seattle, Washington 98168 ( 2nd Floor)

## Time:      1000 A.M.

## Date:      Monday, June 9, 2008

After clearing the security station please proceed to the Immigration officer at the reception counter. After the officer has completed the check in process please go to the second floor waiting room and be seated. An officer will contact you in the waiting room at the time of your appointment.

Sincerely,

*[signature]*

**Julia L. Harrison**
**Field Office Director**
**US Citizenship and Immigration Services**

cc:   **A71732661, Hussein Al Gazawi**

*Exhibit B page 1 of 3*

OMB No. 1615-0050; Expires 09/30/08

# N-336, Request for a Hearing on a Decision in Naturalization Proceedings
(Under Section 336 of the INA)

Department of Homeland Security
U.S. Citizenship and Immigration Services

| For USCIS Only | |
|---|---|
| Decision: ☐ Grant<br>☐ Denial | Fee: |

| 1. In the Matter of: (Name of Naturalization Applicant) | File Number: |
|---|---|
| **AL GAZAWI       Hussain** | **A-71 732 661** |

**2. I am filing a request for hearing on the decision dated:**

**11/26/2007**

**3. Please check the one block that applies:**

a. ☐ I am **not** submitting a separate brief, statement or evidence.

b. ☒ I am submitting a separate brief, statement and/or evidence with this form.   *Page 1*

c. ☐ I need _____ days to submit a brief, statement and/or evidence
to the USCIS. (May be granted only for good cause shown. Explain in a separate letter.)

**4. Person filing request:**

Name (Type or print in black ink.)

**Bart Klein**

| Address (Street Number and Name) | (Apt. Number) |
|---|---|
| **605 First Ave., Ste. 500** | |

| (City) | (State) | (Zip Code) |
|---|---|---|
| **Seattle** | **WA** | **98104** |

| Signature | Date (mm/dd/yyyy)  12 / 3 / 07 |
|---|---|

☒ I am an attorney or representative and I represent the applicant requesting a hearing on a
naturalization proceeding. [You must attach a Notice or Entry or Appearance (Form G-28)
if you are an attorney or representative and did not previously submit such a form.]

(Person for whom you are appearing)

**Hussain AL GAZAWI**

**5. Briefly state the reason(s) for this request for a hearing:**

**The decision is written to cast myself in a fraudulent manner. The trip with my brother
happened in 2004, much later than the 2001 residence in Michigan. As every person in
WA knows, you need to change your license within one month of residing in WA;
therefore my license needed to be changed so I could live in Michigan and also go to
truck driving school. There was no intent to defraud anyone, just comply with the
driving and residence laws of the different States. My marriage was only religious,
but to be valid it needed to be registered. See USDOS reciprocity document schedules
for Iraq. I never registered the marriage, so I was marriage religiously (Shia Islamic)
but not a valid governmental marriage since it was not registered. See also Applicant
Statement attached as 1**

Form N-336 Instructions (Rev. 07/30/07)Y

Page 1

1, CHAFFEOR LICENSE is A REGULAR DRivers License with A PERMIT FOR CDL, it is Good For one Year, it THE commercial DRivers License has a hole Punched in it BECAUSE i moved back to SEATTLE and i HAD TO Change my License.

The reason i changed my washington State LICENSE is because the old one expired so i HAD TO RE-new it, i lived in michigan Temporarily so i could Go to school in michigan.

i did surrender my wash state DRivers License as they Punched a hole in it, THE FIRST address in Dearborn michigan was temporary, and i moved again TO LIVE with a FRiEND, i did not know that i had to notify USCIS of a change of ADDRESS,

i asked the DEPT OF Licensing in michigan, about having to take DRiving school in michigan & they told ME i have to change my License if i want to Go to school there, & they also needed an address.

i went with my brother ALi ALyAZAWi TO Pennsylvania Just FOR His Hearing, i went to school every day & took the required classes, i took & passed the required Testing legally, i told the truth about ABOUT everything & i did not LiE.

As For my Marriage, it was a RELIGIOUS Marriage other ISLAMIC, without court Papers.

i HAVE a Lot OF PEOPLE who can certify to my Good CHARACTER, & HARD working nature, i told the truth about everything, my testimony was not Given TO BE FALSE and misleading, i only wish to be a citizen of the united States OF America BECAUSE i love this country

Exhibit B page 3 of 3



**U.S. Department of Homeland Security**
12500 Tukwila International Blvd
Seattle, WA 98168



**U.S. Citizenship
and Immigration
Services**

Office of the Seattle Field Office Director                    *April 23, 2008*

Mamadou Malick Diallo
C/O Bart Klein
605 First Ave, Suite 500
Seattle, WA 98104

Subject:  Appeal of Decision to Deny Naturalization

Dear Mr. Diallo;

You have appealed the decision of this Service to deny your application for
Naturalization.

You are scheduled to appear as indicated below for a hearing to determine whether or
not the decision to deny your application should be upheld:

## Location:  12500 TUKWILA INTERNATIONAL BLVD
## Seattle, Washington 98168 ( 2nd Floor)

### Time:        1330 PM

### Date:        Monday, June 9, 2008

After clearing the security station please proceed to the Immigration officer at the
reception counter. After the officer has completed the check in process please go to the
second floor waiting room and be seated. An officer will contact you in the waiting room
at the time of your appointment.

Sincerely,

*Julia L. Ho*

**Julia L. Harrison**
**Field Office Director**
**US Citizenship and Immigration Services**

cc:    **A75246321, Mamadou Malick Diallo**

*Exhibit C page 1 of 4*

OMB No. 1615-0050; Expires 09/30/08

**N-336, Request for a Hearing on a**
**Decision in Naturalization Proceedings**
**(Under Section 336 of the INA)**

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

| For USCIS Only | |
|---|---|
| Decision: ☐ Grant  ☐ Denial | Fee: |

| **1. In the Matter of:** (Name of Naturalization Applicant) | File Number: |
|---|---|
| **DIALLO**     **Mamadou**     **Malick** | **A-**075 246 321 |

**2. I am filing a request for hearing on the decision dated:**

**09/26/2997**

**3. Please check the one block that applies:**

a. ☒ I am **not submitting** a separate brief, statement or evidence.

b. ☐ I am **submitting** a separate brief, statement and/or evidence with this form.

c. ☐ I need _____ days to submit a brief, statement and/or evidence
to the USCIS. (May be granted only for good cause shown. Explain in a separate letter.)

**4. Person filing request:**

Name (Type or print in black ink.)

**Bart Klein**

| Address (Street Number and Name) | (Apt. Number) |
|---|---|
| **605 First Ave., Ste. 500** | |

| (City) | (State) | (Zip Code) |
|---|---|---|
| **Seattle** | **WA** | **98104** |

| Signature | Date (mm/dd/yyyy) |
|---|---|
| | **01/11/2007** |

☒ I am an attorney or representative and I represent the applicant requesting a hearing on a
naturalization proceeding. [You must attach a Notice or Entry or Appearance (Form G-28)
if you are an attorney or representative and did not previously submit such a form.]

(Person for whom you are appearing)

**Mamadou M DIALLO**

**5. Briefly state the reason(s) for this request for a hearing:**

**Officer Buchanan has a separate standard for evaluating the English requirement, and
is documented by the writing of applicant in the #A file...unfortunate that 71 year old
aliens are targeted. Every other adjudicator in the Seattle CIS would have approved
the writing and granted the N-400. But since the N-335 process is a rubber-stamp
situation of the prior decision, counsel asks that this hearing not be scheduled at the
end of the 6 months allowed by the regulation, so that counsel can get into Federal
Court to litigate such English standards. Such Federal Judges would enjoy
conversing with a trilingual elderly man during such naturalization trial.**

Exhibit C page 2 of 4



**U.S. Citizenship and Immigration Services**

Direct all responses by mail to the office listed below:
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
12500 Tukwila International Blvd
Seattle WA 98168

---

Mamadou Malick Diallo
c/o LAW OFFICES OF BART KLEIN
605 1st Ave Suite 500
Seattle WA 98104

**Refer to this file:** LIN*000995972
**Alien Number:** A 075 246 321
**Date:** SEP 2 6 2007

## DECISION

On July 9, 2007, you appeared for an examination of your application for naturalization, which was filed in accordance with Section 316(A) of the Immigration and Nationality Act.

Pursuant to the investigation and examination of your application it is determined that you are ineligible for naturalization for the following reason(s):

### See Attachment(s)

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, **you must file a request for a hearing within 30 Days of the date of this notice.** If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the District Director, with the Immigration and Naturalization office which made the decision, on Form N-336, **Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, together with a fee of $605.** A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

Julia L Harrison
Field Office Director

Form N-335

*Exhibit C page 3 of 4*

Attachment(s) to Form N-335

Applicant: Mamadou Malick Diallo
Application for Naturalization, Form N-400
Alien Number: A075246321
Application ID: LIN*000995972

Your application is hereby denied in accordance with the Title 8 Code of Federal Regulations
Section(s) listed below:

**Reason:**           Unable to read, Speak, or Write English
**CFR8 Reference:**   Part 312  Educational Requirements for Naturalization
                      Section 312.1  Literacy Requirements

(a)  **General. Except as otherwise provided in paragraph (b) of this section, no person shall be naturalized as
a citizen of the United States upon her or her own application unless that person can demonstrate an
understanding of the English language, including ability to read, write, and speak words in ordinary usage in
the English language.**

(b)  Exceptions.  The following persons need not demonstrate an ability to read, write, and speak words in ordinary
usage in the English language:
(1) A person who, on the date of filing of his or her application for naturalization, is over 50 years of age and has
been living in the United States for periods totaling at least 20 years subsequent to a lawful admission for permanent
residence;
(2)  A person who, on the date of filing his or her application for naturalization, is over 55 years of age and has been
living in the United States for period totaling at least 15 years subsequent to a lawful admission for permanent
residence;

**Explanation:**

Reference is made to your Application for Naturalization, Form N-400, which you filed on December 29,
2006, pursuant to Section 316(a) of the Immigration and Nationality Act, herein the Act.

On July 9, 2007, you were interviewed by an officer of the Citizenship and Immigration Services to determine
your eligibility for naturalization. During your interview, you were given an examination to demonstrate
your knowledge of the English language and United States history and government. You failed to
demonstrate the ability to write English language. You appeared for a reexamination on September 10, 2007,
and you were tested a second time. You failed to demonstrate the ability to write English language again.

You failed to meet the requirements of Section 312 of the Act. Therefore, your application must be, and
hereby is, denied. This decision is made without prejudice toward the filing of a new application. However,
eligibility must again be established.

Exhibit C page 4 of 4

J.S. Department of Homeland Security
Citizenship and Immigration Services
12500 Tukwila International Blvd.
Seattle, WA. 98168



File No.: A72 370 362

Sanyang Ya Ya
c/o Bart Klein
605 First Ave., Suite 500
Seattle, WA 98104

Date: **2/1/2007**

Officer:  W. Franks

Examination of your application (N4OO) shows that additional information, documents or forms are needed before your application can be completed or adjudicated acted upon. Please ***RETURN THIS LETTER WITH REQUESTED INFORMATION and/or DOCUMENTS by : April 2, 2007***

## *Failure to do so may result in the denial of your application.*

During your initial interview for naturalization on October 2, 2006, it was revealed that you were previously placed in removal proceedings on September 27, 1995.  During the removal proceeding process your proceedings were administratively closed, however removal proceedings were never terminated.

Please provide evidence that your previous removal proceedings have been terminated by the Immigration Court.

*Please allow 30 more days*
*allow the Seattle IJ to*
*terminate the hearing. See*
*Motion,*

*01/23/08 attached*
*termination*

RECEIVED
JUN 2 3 2008
BY.

Fax (206) 624-6371
(206) 624-3787
Seattle, WA 98104
605 1st Ave., Suite 500
BART KLEIN, Attorney

Form N-14

*6/24/08*
*Please decide*
*on 1447(b)*
*Section*
*action*

*Exhibit D page 1 of 9*

DEPARTMENT OF JUSTICE
IMMIGRATION COURT
1000 SECOND AVENUE, SUITE 2500
SEATTLE, WA 98104

In the Matter of                                          Case No.: A __ / __ / __

_____

Respondent                                          IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on __ / __ / __ This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion of the case.

[ ]  The respondent was ordered removed from the United States to _____.
[ ]  Respondent's application for voluntary departure was denied and respondent was ordered removed
     to _____ alternative to _____.
[ ]  Respondent's application for voluntary departure was granted until _____ to
     _____ upon posting a bond in the amount of $ _____ with the alternate order of removal to

     Respondent's application for:
[ ]  Asylum was      ( ) granted      ( ) denied      ( ) withdrawn.
[ ]  Withholding of removal was      ( ) granted      ( ) denied      ( ) withdrawn.
[ ]  A Waiver under Section _____ was ( ) granted      ( ) denied      ( ) withdrawn.
[ ]  Cancellation of removal under section 240A(a)   ( ) granted      ( ) denied      ( ) withdrawn.
     Respondent's application for:
[ ]  Cancellation of removal under section 240A(b)(1) was      ( ) granted      ( ) denied
     ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents
     necessary to give effect to this order.
[ ]  Cancellation of removal under section 240(b)(2) was      ( ) granted      ( )denied
     ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents
     necessary to give effect to this order
[ ]  Respondent's application for adjustment of status under section _____ of the INA was
     ( ) granted      ( ) denied      ( ) withdrawn. If granted, it was ordered that respondent be issued all
     appropriate documents necessary to give effect to this order.
[ ]  Respondent's application for ( ) withholding of removal ( ) deferral of removal under Article III of the
     Convention Against Torture was ( ) granted      ( ) denied      ( ) withdrawn or   ( ) other.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until

     __ / __ / __
[ ]  As a condition of admission, respondent is to post a $_____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper notice.
[ ]  Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the
     Immigration Judge's oral decision.
[✓]  Proceedings were terminated.
[ ]  Other: _____

Date: 01 / 17 / 2008                         _____
                                                     Immigration Judge
Appeal: WAIVED / RESERVED   (A / B)

Appeal Due By:

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)      PERSONAL SERVICE (P)      FAX (F)
TO:   [ ] ALIEN      [ ] ALIEN c/o Custodial Officer      [✓] ALIEN's ATT/REP      [✓] DHS
DATE: 01 / 17 / 2008 · BY: COURT STAFF _____
       Attachments:   [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

Q6

Exhibit D, page 2 of 9

JUDGE KANDLER

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
Seattle WA

| | |
|---|---|
| In the Matter of: ) | File Nos.    A72 370 362 |
| ) | |
| SANYANG, Yaya ) | RESPONDENT'S RENEWED |
| ) | MOTION TO TERMINATE |
| Respondent. ) | |
| ) | MCH: January 8, 2008 |
| _____ ) | 1:090 pm |

TO:          Immigration Court
and TO:     ICE/DHS District Counsel

## MOTIONS

Come now the Respondent, Mr. Yaya Sanyang, and hereby moves the Court

to terminate the proceedings in this matter

## BASIS FOR MOTION

On July 24, 1996, the Court (Judge Gharty) administratively closed the

proceedings herein. The proceedings were closed for the reason that there was no

proof of service of the Order to Show Cause. The underlying charge against Mr.

Sanyang was for having remained in the United States for longer than permitted.

Exhibit N, page 3 of 9

JUDGE KANDLER

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
Seattle WA

| | |
|---|---|
| In the Matter of:                              ) | File Nos.    A72 370 362 |
|                                                ) | |
| SANYANG, Yaya                                  ) | RESPONDENT'S RENEWED |
|                                                ) | MOTION TO TERMINATE |
|                         Respondent.            ) | |
|                                                ) | MCH: January 8, 2008 |
| _____ ) | 1:090 pm |

TO:          Immigration Court
and TO:      ICE/DHS District Counsel

## **MOTIONS**

Come now the Respondent, Mr. Yaya Sanyang, and hereby moves the Court

to terminate the proceedings in this matter

## **BASIS FOR MOTION**

On July 24, 1996, the Court (Judge Gharty) administratively closed the

proceedings herein.  The proceedings were closed for the reason that there was no

proof of service of the Order to Show Cause.  The underlying charge against Mr.

Sanyang was for having remained in the United States for longer than permitted.

RESPONDENT'S RENEWED MOTION TO TERMINATE,
APPEAR TELEPHONICALLY, AND ALTERNATIVE MOTION
FOR A CHANGE OF VENUE
Yaya SANYANG - File No. A72 370 362
Page - 1

Law Offices of Bart Klein
605 First Avenue, Suite 500
Seattle, WA 98104
(206)624-3787/624-6371 (fax)

Exhibit D, page 4 of 9

See INA §§ 101(a)(15), 241(a)(1)(b).

We respectfully submit that the Court should terminate the proceedings. In particular, the BIA has held that where notice was improper, the Immigration Judge should terminate proceedings rather than administratively close a case, unless both parties have agreed to administrative closure. Matter of Lopez-Barrios, 20 I&N Dec. 203 (BIA 1990).

On May 21, 2001, subsequent to the administrative closure, Mr. Sanyang adjusted his status to that of a lawful permanent resident of the United States based upon his marriage with his U.S. Citizen wife, and the agency was aware that he had previously been placed in removal (deportation) proceedings and that those proceedings had been administratively closed. Then, Mr. Sanyang later filed a timely Form N-400 Application for Naturalization with USCIS in Seattle, Washington.

On October 10, 2006 the USCIS Seattle District Office determined that it could not process the N-400 Application for Naturalization although the deportation/removal proceedings had been administratively closed. The USCIS has requested that Mr. Sanyang move to have the deportation/removal proceedings recalendared in order to allow him to have the proceedings formally terminated, at

RESPONDENT'S RENEWED MOTION TO TERMINATE,
APPEAR TELEPHONICALLY, AND ALTERNATIVE MOTION
FOR A CHANGE OF VENUE
Yaya SANYANG - File No. A72 370 362
Page - 2

Law Offices of Bart Klein
605 First Avenue, Suite 500
Seattle, WA 98104
(206)624-3787/624-6371 (fax)

Exhibit D, page 5 of 9

which time the USCIS has indicated that it will review again the matter of his Form

N-400 Application for Naturalization, either upon a Motion to Reopen or upon

filing a new application.   See attached Exhibit 1, Form N-335 and Attachment.

(Please note that Form N-335 Attachment incorrectly indicates that the request for

recalendaring should be addressed to the Immigration Court in Seattle, but this is a

mistake in the preprinted language used on the form as the Immigration Court in

New York has jurisdiction as the last Immigration Court taking action in this

matter).   The Respondent has subsequently been scheduled for a Form N-336

Hearing (agency hearing within the USCIS/DHS) on a Decision in Naturalization

Proceedings for today, February 1, 2007.

Previously, Respondent served and filed a Motion to Recalendar and

Terminate Proceedings.   On October 26, 2006, the Court issued an order setting a

Master Calendar Hearing for February 14, 2007 at 9:00 A.M.   Subsequent to the

filing of the Motion to Recalendar and Terminate Proceedings, Counsel discovered

Matter of Lopez-Barrios, 20 I&N Dec. 203 (BIA 1990), and apologizes for not

having brought it to the attention of the Court and ICE/DHS Counsel previously.

As stated above, the Respondent disclosed, and the Service knew, that the

Respondent had previously been in removal (deportation) proceedings and that

RESPONDENT'S RENEWED MOTION TO TERMINATE,          Law Offices of Bart Klein
APPEAR TELEPHONICALLY, AND ALTERNATIVE MOTION      605 First Avenue, Suite 500
FOR A CHANGE OF VENUE                              Seattle, WA 98104
Yaya SANYANG - File No. A72 370 362                (206)624-3787/624-6371 (fax)
Page - 3

*Exhibit B, page 6 of 9*

those proceedings had been administratively closed, but proceeded to grant him

LPR status.

Under <u>Matter of Lopez-Barrios</u> and the facts of the case, Counsel respectfully

requests that in the interests of judicial and agency economy, that the Court

terminate the removal (deportation) proceedings at this time so that Mr. Sanyang

can proceed to have the USCIS consider his qualifications for naturalization

directly.

ICE reasons for opposition are absurd. The #A file is in Seattle CIS. Exactly

what is difficult in getting the file from Seattle CIS. The asylum office is moving

from the 1000 2nd Ave. building today to the CIS building in Tukwila. Perhaps ICE

Chief Counsel should also move to ICE Tukwila. There is 1000s of square feet of

space, and then the files would right in the same building. This lawyer has

difficulty in finding his own files, and perhaps ICE should admit the same.

Exactly, what is difficult with this case. What kind of good cause does this

Judge expect: that respondent know the difference between administratively closed

and termination....something that 90% of the immigration attorneys have no

understanding. This case is a waste of time for ICE. IJ , and this counsel. The

applicant is an LPR in the last stages of Naturalization. Exactly what is difficult for

RESPONDENT'S RENEWED MOTION TO TERMINATE,
APPEAR TELEPHONICALLY, AND ALTERNATIVE MOTION
FOR A CHANGE OF VENUE
Yaya SANYANG - File No. A72 370 362
Page - 4

Law Offices of Bart Klein
605 First Avenue, Suite 500
Seattle, WA 98104
(206)624-3787/624-6371 (fax)

*Exhibit D, page 7 of 9*

ICE to understand…what is applicant's status…obviously as all the records checks show an LPR.

Please deny, so counsel can file his 140th case in Federal District Court since January 2006.

## CONCLUSION

For the foregoing reasons, the Respondent respectfully requests the Court terminate the removal (deportation) proceedings in this matter.

Dated this 4th day of May, 2007.

Respectfully submitted,

_____

BART KLEIN
Attorney for Respondent

I do not know the difference between administratively closed and termination, and though Mr. Klein has explained such difference, what exactly does have to do with my grant of LPR status. The USCIS knew situation when they granted my LPR status. My attorney explained to me that there are NACARA regulations that give CIS the right to grant LPR even with administratively closed cases.

Yaya SANYANG

RESPONDENT'S RENEWED MOTION TO TERMINATE,
APPEAR TELEPHONICALLY, AND ALTERNATIVE MOTION
FOR A CHANGE OF VENUE
Yaya SANYANG - File No. A72 370 362
Page - 5

Law Offices of Bart Klein
605 First Avenue, Suite 500
Seattle, WA 98104
(206)624-3787/624-6371 (fax)

Exhibit D, page 8 of 9

## INDEX TO EXHIBITS

Exhibit No.                                                                    Pages

1.   Form N-335 and Attachments – Decision on N-400 Application for
     Naturalization dated October 10, 2006, Seattle, WA......................................1
2.   Agency Hearing Notice on Denial of Application for Naturalization .............5

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Respondent's Renewed Motion to Terminate Proceedings, this ____ day of May 2007, by personal service to:

USDHS/ICE Office of the Counsel
#2900, 1000 2nd Ave,
Seattle, WA  98104

_____

Law Offices of Bart Klein

RESPONDENT'S RENEWED MOTION TO TERMINATE,
APPEAR TELEPHONICALLY, AND ALTERNATIVE MOTION
FOR A CHANGE OF VENUE
Yaya SANYANG - File No. A72 370 362
Page - 6

Law Offices of Bart Klein
605 First Avenue, Suite 500
Seattle, WA 98104
(206)624-3787/624-6371 (fax)

*Exhibit D, page 9 of 9*



**U.S. Citizenship and Immigration Services**

Direct all responses by mail to the office listed below:
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
12500 Tukwila International Blvd
Seattle WA  98168

---

Roger Antonio Martinez Gomez
11626 SE 225th Street
Kent WA  98031

Refer to this file:  LIN*001131937
Alien Number: A 029 333 043
Date:    June 23, 2008
Officer: EX 032

## CONTINUANCE

Examination of your N400 application shows that additional information, documents or forms are needed before your application can be acted upon.  Please return this letter with the **requested information and/or documents by July 23, 2008.**

### Failure to do so may result in the denial of your application.

Submission of this information, however, does not guarantee that this case will be approved.  We strongly recommend that you submit all the requested information, documents, or forms as listed on the following pages as soon as possible so that we can resume processing.  Any interim benefits that may otherwise stem from the filing of this application or petition will be delayed while this case is in suspense awaiting your response.

If you choose to submit only some or none of the requested information, then the application will be adjudicated on its merits.  You may also request, in writing, to the Service that this application be withdrawn.  If the district director consents to the withdrawal, the application will be denied without further notice to you and without prejudice to any future application.  The withdrawal will constitute a waiver of any review pursuant to Section 336 of the Title 8 Code of Federal Regulations.  If the district director does not consent to the withdrawal, then the application shall be adjudicated on its merits.

Form N-14 (Rev. 9/16/97)

Exhibit E page 1 of 3

Requested Information, Documents, and/or Forms

Applicant: Roger Antonio Martinez Gomez
Application for Naturalization, Form N-400
Alien Number: A029333043
Application ID: LIN*001131937

Please submit the following information, documents, or forms:

**Reason:**                    Missing Evidence

Record shows that you were placed in deportation proceedings at the Immigration Court in Miami, Florida. On August 27, 1991, the court ordered your case to be administratively closed. On September 5, 2002, you adjusted status becoming a lawful permanent resident. However, at time of adjustment of status you were still under court's jurisdiction. On July 25, 2007, you filed for Form N-400, Application for Naturalization. Because you are still in deportation proceedings, jurisdiction still remains with the court.

Please provide proof that the Immigration Court in Miami, Florida has terminated proceedings against you.

RECEIVED

JUN 2 3 2008

BY:

8/23/08

This a NACARA Adjustments. Please follow your regulations, specifically 245.13 (l), [page 10 of the attachment] which automatically terminates the proceedings upon approval of NACARA I-485 adjustment.

Exhibit E, page 2 of 3

Department of Homeland Security
U.S. Citizenship and Immigration Services

## N-652, Naturalization Interview Results

A#: ___ 29 33 30 43 ___

On ___06/23/2008___, you were interviewed by USCIS officer EX 032 _____

☑ You passed the tests of English and U.S. history and government.

☐ You passed the tests of U.S. history and government and the English language requirement was waived.

☐ USCIS has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English language ability and/or a knowledge of U.S. history and government.

☐ You will be given another opportunity to be tested on your ability to _____ speak/ _____ read/ _____ write English.

☐ You will be given another opportunity to be tested on your knowledge of U.S. history and government.

☑ Please follow the instructions on Form N-14.

☐ USCIS will send you a written decision about your application.

☐ You did not pass the second and final test of your _____ English ability/ _____ knowledge of U.S. history and government. You will not be rescheduled for another interview for this Form N-400. USCIS will send you a written decision about your application.

A) _____ **Congratulations! Your application has been recommended for approval.** At this time, it appears that you have established your eligibility for naturalization. If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

B) ___✓___ **A decision cannot yet be made about your application.**

**It is very important that you:**

☑ Notify USCIS if you change your address.

☑ Come to any scheduled interview.

☑ Submit all requested documents.

☑ Send any questions about this application in writing to the officer named above. Include your full name, Alien Registration Number (A#), and a copy of this paper.

☑ Go to any Oath Ceremony that you are scheduled to attend.

☑ Notify USCIS as soon as possible in writing if you cannot come to any scheduled interview or Oath Ceremony. Include a copy of this paper and a copy of the scheduling notice.

**NOTE:** Please be advised that under section 336 of the Immigration and Nationality Act, you have the right to request a hearing before an immigration officer if your application is denied; or before the U.S. district court if USCIS has not made a determination on your application within 120 days of the date of your examination.

Form N-652 (Rev. 01/14/05)N

Exhibit E, page 3 of 3

Department of Homeland Security
U.S. Citizenship and Immigration Services

# N-652, Naturalization Interview Results

A#: _70 692736_

On ___05/19/2008___, you were interviewed by USCIS officer ___EX 032___

☑ You passed the tests of English and U.S. history and government.

☐ You passed the tests of U.S. history and government and the English language requirement was waived.

☐ USCIS has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English language ability and/or a knowledge of U.S. history and government.

☐ You will be given another opportunity to be tested on your ability to _____ speak/ _____ read/ _____ write English.

☐ You will be given another opportunity to be tested on your knowledge of U.S. history and government.

☐ Please follow the instructions on Form N-14.

☐ USCIS will send you a written decision about your application.

☐ You did not pass the second and final test of your _____ English ability/ _____ knowledge of U.S. history and government. You will not be rescheduled for another interview for this Form N-400. USCIS will send you a written decision about your application.

A)_____ **Congratulations!  Your application has been recommended for approval.**  At this time, it appears that you have established your eligibility for naturalization.  If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

B) ____✓____ **A decision cannot yet be made about your application.**

**It is very important that you:**

☑ Notify USCIS if you change your address.

☑ Come to any scheduled interview.

☑ Submit all requested documents.

☑ Send any questions about this application in writing to the officer named above.  Include your full name, Alien Registration Number (A#), and a copy of this paper.

☑ Go to any Oath Ceremony that you are scheduled to attend.

☑ Notify USCIS as soon as possible in writing if you cannot come to any scheduled interview or Oath Ceremony.  Include a copy of this paper and a copy of the scheduling notice.

> RECEIVED
> JUN 2 3 2008
> BY:

**NOTE:**  Please be advised that under section 336 of the Immigration and Nationality Act, you have the right to request a hearing before an immigration officer if your application is denied, or before the U.S. district court if USCIS has not made a determination on your application within 120 days of the date of your examination.

Exhibit F page 1 of 7

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT


KLEIN ESQ., BART
605 FIRST AVENUE, SUITE 500
SEATTLE, WA  98104

IN THE MATTER OF          FILE A 70-692-736      DATE: Jun 16, 2008
SETHI, DILPREET S.


___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
    IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
    WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
    SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
    YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
    MUST BE MAILED TO:     BOARD OF IMMIGRATION APPEALS
                           OFFICE OF THE CLERK
                           P.O. BOX 8530
                           FALLS CHURCH, VA  22041

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
    OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
    THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
    WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
    SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
    8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
    TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                        IMMIGRATION COURT


X OTHER: _See Order_ _____

                        _____
                        COURT CLERK
                        IMMIGRATION COURT                    FF
      CC: ROBERT F. PECK, ICE ASST. CHIEF COUNSEL
          1000 2ND AVENUE, SUITE 2900
          SEATTLE, WA,  981041088

_Exhibit F page 2 of 7_

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SEATTLE, WASHINGTON

| | |
|---|---|
| In the Matter of: | Date      June 16, 2008 |
| Dilpreet Sethi | File Number      A 70 692 736 |

Respondent      IN REMOVAL PROCEEDINGS

Judge Kenneth Josephson

CHARGE:      Inadmissible

APPLICATION:      Termination

ON BEHALF OF RESPONDENT          ON BEHALF OF DHS
Bart Klein, Esq.

ORDER OF THE IMMIGRATION JUDGE

Given the lack of any opposition to the May 22 request to re-calendar and terminate without prejudice such is granted.

Kenneth Josephson
Immigration Judge

Exhibit F page 3 of 7

JUDGE

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
Seattle WA

| | | |
|---|---|---|
| In the Matter of: | ) | File Nos.    A70 692 736 |
| | ) | |
| SETHI, Dilpreet | ) | RESPONDENT'S MOTION TO |
| | ) | RECALENDAR TO ALLOW |
| Respondent. | ) | TERMINATION |
| | ) | |

TO:        Immigration Court
and TO:     ICE/DHS Chief Counsel (Robert Peck, TA)

## **MOTIONS**

Come now the Respondent, Mr. Dipreet Sethi, and hereby moves the Court

to recalendar the proceedings to allow termination of the proceedings.

## **BASIS FOR MOTION**

On September 29, 1999, this Court (Judge Ho) administratively closed the

proceedings herein. Index page 5. The proceedings were closed to allow USINS to

continue reviewing respondents' deceased father's possible revocation of the grant

of asylum. Index page 5. The underlying charge against Mr. Sethi was that at the

time of entry, he did not have valid documents, Section 237(a)(1)(A) with

RESPONDENT'S MOTION TO TERMINATE
Dilpreet Singh SETHI - File No. A70 692 736

Page - 1

Law Offices of Bart Klein
605 First Avenue, Suite 500
Seattle, WA 98104
(206)624-3787/624-6371 (fax)

Exhibit F, page 4 of 7

212(a)(7) (i)(I) , though admitted as a derivative asylee. NTA Index page 6-7.

We respectfully submit that the Court should terminate the proceedings.  On July 30, 2004, subsequent to the administrative closure, Mr. Sethi adjusted his status to that of a lawful permanent resident of the United States based upon his marriage with his U.S. Citizen wife (LPR Card Index page 8), and the agency was aware that he had previously been placed in removal (deportation) proceedings and that those proceedings had been administratively closed.  Then, Mr. Sethi later filed a timely Form N-400 Application for Naturalization with USCIS in Seattle, Washington.

On May 19, 2008, the USCIS Seattle Field Office determined that it could not process the N-400 Application for Naturalization although the deportation/removal proceedings had been administratively closed.  Index pages 9-10.  The USCIS has requested that Mr. Sethi move to have the deportation/removal proceedings recalendared in order to allow him to have the proceedings formally terminated, at which time the USCIS has indicated that it will review again the matter of his Form N-400 Application for Naturalization, either upon a RFE or Motion to Reopen or upon filing a new application.

As stated above, the Respondent disclosed, and the Service knew, that the

RESPONDENT'S MOTION TO TERMINATE
Dilpreet Singh SETHI - File No. A70 692 736

Page - 2

Law Offices of Bart Klein
605 First Avenue, Suite 500
Seattle, WA 98104
(206)624-3787/624-6371 (fax)

Exhibit F, page 5 of 7

Respondent had previously been in removal (deportation) proceedings and that those proceedings had been administratively closed, but proceeded to grant him LPR status.

Counsel respectfully requests that in the interests of judicial and agency economy, that the Court terminate the removal (deportation) proceedings at this time so that Mr. Sethi can proceed to have the USCIS consider his qualifications for naturalization.

The #A file is in Seattle CIS.   The applicant is an LPR in the last stages of Naturalization, and he is still married to the USC with two USC children.   Index pages 11-17.   USCIS Officer Le Tran interviewed applicant is satisfied that he qualifies for the 3 year Section 319 naturalization benefit but for this jurisdiction question.                        **CONCLUSION**

For the foregoing reasons, the Respondent respectfully requests the Court terminate the removal (deportation) proceedings in this matter.

Dated this 6th day of May, 2008.

Respectfully submitted,

_____

BART KLEIN
Attorney for Respondent

RESPONDENT'S MOTION TO TERMINATE
Dilpreet Singh SETHI - File No. A70 692 736

Law Offices of Bart Klein
605 First Avenue, Suite 500
Seattle, WA 98104
(206)624-3787/624-6371 (fax)

Page - 3

*Exhibit F, page 6 of 7*

## INDEX TO EXHIBITS

Exhibit No.                                                                                              Pages

1.     Administrative closure of case...............................................5
2.     October 9, 1998 NTA..............................................................6
3.     LPR card...............................................................................7-8
4.     Decision on N-400 Application for
       Naturalization dated 5/19/2008, Seattle, WA/interview notice......... 9-10
3.     Copies of USC wife naturalization certificate and birth certificates of USC
       children and LPR card of Respondent....................................11-17.

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Respondent's Renewed Motion to Terminate Proceedings, this ___ day of May 2008, by personal service to:

USDHS/ICE Office of the Counsel
#2900, 1000 2nd Ave,
Seattle, WA  98104

_____
Law Offices of Bart Klein

Law Offices of Bart Klein
605 First Avenue, Suite 500
Seattle, WA 98104
(206)624-3787/624-6371 (fax)

Exhibit F, page 7 of 7